MADDOX, Justice
(dissenting).
The substituted opinion is no better than the one withdrawn. The Court substitutes its findings for those of the learned trial judge. The law in this State is that where a trial court has heard testimony without a jury, as in this case, its findings of fact based upon that testimony are presumed correct and a judgment based on those findings will be reversed only if, after consideration of the evidence and all reasonable inferences to be drawn therefrom, the findings are found to be plainly and palpably wrong. Mclnnis v. Lay, 533 So.2d 581, 582 (Ala.1988). In this ease, the trial court heard extensive and conflicting testimony concerning Mary’s ability to manage her estate. The evidence showed that Mary is 68 years old, that she suffers from recurrent depression, that she will need medication and psychiatric care for the rest of her life, that she has a number of physical ailments (including arthritis, irregular heart beats, and high blood pressure), and that she has had no financial experience. There was, of course, other evidence that indicated Mary had the capacity to manage her finances. The majority, in reaching the conclusion it reaches, must necessarily be accepting this evidence over the other evidence upon which the trial court’s order was based; consequently, I must dissent. In doing this, the Court violates a time-honored rule of review, completely replaces the trial court’s findings with its own, and implies that James A. Buffler and Juliet B. Eckl were attempting to personally benefit from having the limited conservatorship established. I think that the trial judge, who saw and heard the witnesses, was quite capable of determining whether that was the reason for their actions. He apparently did not think so.
It appears to me that the trial court attempted to balance the competing interests of encouraging the development of Mary’s maximum self-reliance and independence and of preventing the waste of her estate, in order to ensure that funds would always be available for her health, support, and maintenance. In light of the conflicting testimony and in light of the fact that Mary had been under a full guardianship for almost 20 years, I cannot say that the judgment should be set aside. I would affirm.
STEAGALL, J., concurs.